

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2006

# USA v. Ransome

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1360

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Ransome" (2006). *2006 Decisions.* Paper 1218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.  05-1360

———————

UNITED STATES OF AMERICA

v.

JOHN RANSOME,
                    Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. 04-cr-00014
District Judge:  The Honorable Anita B. Brody

———————

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2006

———————

Before: McKEE, BARRY and VAN ANTWERPEN, Circuit Judges

———————

( Opinion Filed:  April 26, 2006 )

———————

OPINION

———————

BARRY, Circuit Judge

        On January 13, 2004, a grand jury sitting in the Eastern District of Pennsylvania

returned an indictment charging John Ransome with being a felon in possession of a

firearm (in violation of 18 U.S.C. § 922(g)) and with possession of marijuana (in violation of 21 U.S.C. § 844(a)). The Notice of Prior Convictions, attached to the indictment, listed four previous felony convictions, three for robbery and one for aggravated assault. After a three-day trial, Ransome was convicted on both counts on May 5, 2004. At his request, his sentencing was delayed until after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), issued. On January 28, 2005, the District Court sentenced Ransome to 200 months in prison, five years of supervised release, a $1500 fine, and a $200 special assessment. He appealed.[1]

Ransome's appellate counsel filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Her brief stated that after a thorough review of the record she was unable to locate any non-frivolous issues for our review. Ransome was offered the opportunity to file a *pro se* informal brief, which he did.

Our role is "to decide whether the case is wholly frivolous." United States v. Youla, 241 F.3d 296, 299 (3d Cir. 2001). If so, we are to grant counsel's motion to withdraw and dismiss the appeal. We must decide whether we are satisfied that counsel has thoroughly examined the record, whether counsel has properly explained why the issues are frivolous, and whether an independent review of the record discloses only frivolous issues. Id. at 300. We are, she has, and it does.

---

[1] We have jurisdiction under 18 U.S.C. § 3742.

The Anders brief is careful and complete.  It examines the voir dire process, the examination and cross-examination of witnesses, the evidentiary rulings, and the closing statements from Ransome's trial.  It finds no potentially reversible errors and our independent review of the trial record shows none.  The brief proceeded to review Ransome's sentencing, which was also free from error.  The District Court recognized its discretion under Booker, and imposed a sentence well beneath the applicable advisory Guidelines range and reasonable in light of Ransome's criminal history.

Ransome's sole *pro se* argument is that his prior convictions were not proven to the jury beyond a reasonable doubt.[2]  That argument is foreclosed by  Almendarez-Torres v. United States, 523 U.S. 224 (1998), which held that prior convictions that increase the statutory maximum of an offense may be found by a sentencing judge by a preponderance of the evidence.  Almendarez-Torres "remains the law of the land until the United States Supreme Court chooses to revisit the matter." United States v. Ordaz, 398 F.3d 236 (3d Cir. 2005) (internal quotation omitted).  We find nothing in Shepard v. United States, 544 U.S. 13 (2005), to alter this conclusion.  Shepard did not overrule or limit Almendarez-Torres.  Its holding that a sentencing judge may not look to police reports or complaint applications in determining the elements of a burglary conviction has no application here,

---

[2] The statutory maximum sentence for a violation of 18 U.S.C. § 922(g) is ordinarily ten years, well beneath the sentence Ransome received. One who has three or more violent felony convictions, however, is considered an "armed career criminal" under 18 U.S.C. § 924(e), leading to a statutory minimum sentence of fifteen years and a maximum of life imprisonment.

where Ransome's relevant previous convictions were, on their face, for violent felonies.

We will grant the motion to withdraw and dismiss the appeal.